IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

───────────────────────────────

| | |
|---|---|
| AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES LOCAL 1, | * * * |
| and | * * |
| JUSTIN MCCRARY, Plaintiffs, | * * * |
| v. | * Civil No. 3: 04-CV-1219-H * |
| DAVID M. STONE, in his official capacity as Administrator, Transportation Security Administration, United States Department of Homeland Security, Defendant. | * * * * * |

**MEMORANDUM OPINION AND ORDER**

Before the Court is the Judgment and Mandate, issued on September 21, 2005, from the Fifth Circuit Court of Appeals in the instant case. (*See* Judgment, Fifth Circuit Court of Appeals, No. 04-10009). Also before the Court are Defendant's Motion to Dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), filed September 8, 2004; Plaintiffs' Response, filed October 8, 2004; and Defendant's Reply, filed October 25, 2004. Pursuant to the Mandate, the Court must decide Plaintiff's breach of contract claim on remand. For the following reasons, the Court is of the opinion that Defendant's Motion should be GRANTED as to Plaintiff's breach of contract claim.

The Court does not reiterate its recitation of the facts underlying the instant dispute. For a discussion of the background of the case, see the Court's Memorandum Opinion and Order, entered November 2, 2004.

1

McCrary raises a claim for back pay arising under a theory of breach of contract. However, McCrary has no actionable claim against the federal government under such a theory. "[A]bsent specific legislation, federal employees derive the benefits and emoluments of their positions from appointment rather than from any contractual or quasi-contractual relationship with the government." *Hamlet v. United States*, 63 F.3d 1097, 1101 (Fed. Cir. 1995) (internal quotation omitted). When an employee is hired by appointment, a breach of contract action against the federal government is precluded. *See id*. at 1105. A plaintiff's employment "cannot be simultaneously governed by both an appointment and a contract." *Collier v. United States*, 56 Fed. Cl. 354, 356 (2003); *see United States v. Hopkins*, 427 U.S. 123, 128-29 (1976). A contractual relationship with the federal government can only be established if the employment relationship is "specifically spelled out as a contract." *See Troutman v. United States*, 51 Fed. Cl. 527, 534 (2002) (internal citation omitted).

To determine if an employee's status is one of appointee or contract, the Court looks to relevant statutory language and regulations and the language of the hiring documents. *See Hopkins*, 427 U.S. at 127-30. The relevant statutory language does not support a finding that a contractual relationship exists. Under the statute, the TSA Administrator is granted the authority to "*appoint* . . . and fix the compensation, terms and conditions of employment. . . ." 49 U.S.C. § 323(a); 49 U.S.C. § 44935 (note) (emphasis added). No explicit mention of a contractual relationship is made in the relevant statute. Additionally, it is undisputed that McCrary's conditional offer of employment indicated that it was one of conditional appointment and did not explicitly indicate that McCrary was hired as a contract employee. (*See* Pl.'s Resp. at 11-12.) Therefore, the Court finds as a matter of law that Plaintiff was not a contract employee.

Accordingly, Defendant's Motion to Dismiss McCrary's breach of contract claim is **GRANTED**. Plaintiff's Complaint is **DISMISSED WITH PREJUDICE**.

SO ORDERED.

DATED: September 23, 2005

*/s/ Barefoot Sanders*
**BAREFOOT SANDERS, SENIOR JUDGE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS**